The court
held, that it would be too harsh a construction to gay that the party might be proceeded against, and punished as at *301 common law, notwithstanding the act has provided a milder punishment. It is true, that there are no negative words in the statute ; but as it introduces a new law, a negative may be implied. This is a construction founded in reason an„d equity. A different construction would render the humane provision of the statute nugatory. By considering the act, as introductory of a new law, altering the common law, as to the punishment of the offence only, (as to the nature of the offence, it remains, as at common law, a felony,) the common law mode of 'proceeding may be considered as repealed, because, by the common law, the punishment provided by the act cannot be inflicted. Therefore, the indictment must be founded on, and conclude against, the act of assembly. This construction does not take away, or clog any man’s remedy by the common law ; and it is in consistence with’the design of the legislature. * See lü Vin. Abr. 512, and seq. 2 Haw. c. 25.
Note. See Rex v. Robinson, 2 Burr. 299. Where the remedy given by stat. is cumulative, and does not take away the common law remedy, the statutory remedy may, or may not, be pursued. But if a statute- makes that punishable which was not so before, and points out a particular manner of proceeding, it must be pursued. But.if no particular remedy is pointed out by the statute giving the sessions jurisdiction, or where such remedy is impracticable, there the only remedy is by indictment. But where the summary method can be pursued, it is unreasonable, oppressive, and wrong to take the remedy by indictment. See 1 Saund. 135, a. note 4. Cro. Jac. 644. 1 Salk. 45. Com. Dig. Tit. Indictment, E. 2 Salk. 460. 4 T. R. 202. But, after all, the true question in the principal case seems to have been, whether, under the indictment at common law, judgment might have been given, upon conviction, according to the act of assembly ? If it might, the indictment ought not to have been quashed. Where a statute creates, or expressly prohibits, an offence, and inflicts a punishment, the indictment must conclude against the form of the statute. But where a statute inflicts a punishment on that which was an offence before, there is no necessity of mentioning the statute. See 2 Hal. 191. 4 -Bl. Com. Appendix. Indictment for murder. C. J. Tilghman, in Commonwealth v. Searle, 2 Binn. 340, was of opinion, that judgments under acts of assembly may be given on indictments at common law. The offence against sheep stealing was an offence at common law, and as it is not an offence created by act of assembly, the conclusion of the indictment was right. See 2 East. 342. In all cases where the action is founded on statute, it is necessary, in some manner, to shew that flte offence is one against the statute.
Motion refused.
Gíiimke, J., dissented.